UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ACE AMERICAN INSURANCE COMPANY and
BRIGHTVIEW LANDSCAPES, LLC,

                                               Plaintiffs,

                    -against-

BERNADETTE C. NOBILE,

                                               Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
22-cv-0099 (JMA) (ARL)

FILED
CLERK

3/17/2025 10:49 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

      Presently before the Court is the motion by Plaintiffs Ace American Insurance Company and Brightview Landscapes, LLC ("Plaintiffs") for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 35.) This case arises from a motor vehicle accident on July 11, 2021, between Bernadette C. Nobile ("Defendant") and non-party Lance A. Russell, Jr. (See Compl., ECF No. 1 ¶ 18.) Lance A. Russell, Jr. then brought claims in the Supreme Court of the State of New York, County of Suffolk, Index No. 613789/2021, against Defendant and Plaintiff Brightview to recover damages arising from this accident. (Compl., Ex. C.) In the instant case, Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. that Plaintiffs have no duty to defend or indemnify Defendant regarding any claims or lawsuits filed as a result of the July 11, 2021 motor vehicle accident. (Id. at ¶ 26.)

      For the reasons set forth below, Plaintiffs' motion for summary judgment is GRANTED.

I.      BACKGROUND[1]

A. <u>Facts</u>

On or about July 11, 2021, Defendant was involved in a motor vehicle accident with non-party Lance A. Russell, Jr. (Compl. ¶ 10.) At the time of the accident, Defendant was operating a motor vehicle owned by Plaintiff Brightview Landscapes, LLC (hereinafter "Brightview") and insured by Plaintiff Ace American Insurance Company ("ACE.") (<u>Id.</u> ¶ 11.) The vehicle operated by Defendant and owned by Brightview was provided by Defendant's husband, Ray Nobile. (<u>Id.</u> ¶ 12.) Mr. Nobile was an employee of Brightview and was permitted to operate the vehicle pursuant to Brightview's Management Vehicle Program. (<u>Id.</u>) As a result of the July 11, 2021 motor vehicle accident, Lance A. Russell, Jr. filed a civil action in the Supreme Court of the State of New York, County of Suffolk naming Defendant and Brightview as defendants. (<u>Id.</u>, Ex. C.)

In 2014, Brickman Group merged with Valley Crest Companies to become Brightview Landscapes, LLC. (Pl's 56.1 ¶ 1.) Brightview maintains a Fleet Department and some of these vehicles are used by Production Managers, Account Managers, Branch Managers, Regional Leaders, Senior Vice Presidents, and Vice President General Managers. (<u>Id.</u> ¶ 2.) Brightview owns or leases all these vehicles. (<u>Id.</u> ¶ 3.) Raymond Nobile was permitted to use a company vehicle, as part of Brightview's management vehicle program. (Compl. ¶ 12.) According to Plaintiffs, in April 2019, a meeting was held to overhaul Brightview's fleet program so that it was consistent for all employees. (Pl's 56.1 ¶ 6.) Defendant maintains that Raymond Nobile does not

---

[1] The facts set forth in this Opinion are drawn from Plaintiff's Complaint (ECF No. 1 ("Compl.")) and the parties' submissions in connection with Plaintiffs' motion for summary judgment. The Court draws from Plaintiffs' Local Civil Rule 56.1 Statement of Facts (ECF No. 33-3 ("Pl's' 56.1")), Defendant's response to Plaintiffs' Statement of Facts (ECF No. 35-16 ("Def's 56.1.")) Citations to a party's Rule 56.1 Statement incorporate by reference the documents and testimony cited therein. For ease of reference, the Court refers to Plaintiffs' brief in support of their motion for summary judgment as "Pl's Br." (ECF No. 35-4), to Defendant's opposition brief as "Def's Opp." (ECF No. 35-16), and to Plaintiffs' reply brief as "Pl's Reply Br." (ECF No. 35-17.) The facts are undisputed unless otherwise noted.

2

recall such a meeting. (See Def's 56.1 ¶ 6.) By the first quarter of the 2020 fiscal year (October 1, 2019 to December 31, 2019), Plaintiffs assert that the fleet program no longer allowed spouses to drive Brightview vehicles. (Pl's 56.1 ¶ 7.) Further, Plaintiffs aver that in 2019 Raymond Nobile attended a training session on the changes to the fleet program, which Defendant disputes. (Pl's 56.1 ¶ 8; Def's 56.1 ¶ 8.)

On May 28, 2019, Raymond Nobile signed a payroll deduction form along with a Management Vehicle Authorization Form. (Pl's 56.1 ¶ 9; Pl's 56.1, Ex. C.) On this form, Raymond Nobile signed his name below text in the agreement stating, "I will not allow any other individual to drive the vehicle." (Id., Ex. C.) On July 11, 2021, Mr. Nobile allowed Defendant to operate the Brightview vehicle even though he was aware this agreement was still in effect. (Id. ¶ 11.) Neither Mr. Nobile nor Defendant contacted Brightview before her operation of the vehicle to seek permission to do so, nor was Mr. Nobile aware of any specific exceptions to the policy that would have allowed his wife to operate the vehicle at that time. (Id. ¶ 12.) After the accident, Mr. Nobile was disciplined by Brightview for allowing defendant to operate the vehicle and it was reiterated that defendant was not authorized to operate Mr. Nobile's company vehicle. (Id. ¶ 13.) At the time of the motor vehicle accident, the vehicle was insured under a policy issued to Brightview by ACE. (Id. ¶¶ 14-15.) In relevant part, the policy provides:

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

**A. Coverage**
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". . . . We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

3

**1. Who Is An Insured**
The following are "insureds":
    **a.** You for any covered "auto".
    **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
        **(1)** The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
        **(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
        **(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
        **(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".
        **(5)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
    **c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(Id., Ex. G.)

**B. Procedural History**

On July 20, 2021, Lance A. Russell, Jr. filed a complaint in New York State Court in the County of Suffolk for damages arising from the July 11, 2021 accident. (See Compl., Ex. C.) On January 6, 2022, Plaintiffs filed the instant action in the United States District Court for the Eastern District of New York, seeking a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that Plaintiffs have no duty to defend or indemnify Defendant regarding any claims or lawsuits filed as a result of the July 11, 2021 motor vehicle accident. (Compl.) Defendant Nobile initially failed to answer, and the Clerk of the Court entered default against her. (ECF No. 17.) On April 20, 2022, Defendant Nobile filed an untimely answer (ECF No. 18,) and moved to vacate the default (ECF No. 23.) On April 19, 2023, the undersigned granted the motion to vacate default. (Apr. 19, 2023 Order.) On May 14, 2024, after completing discovery, Plaintiffs requested a pre-motion conference to move for summary judgment. (ECF No. 30.) The Court

4

waived its pre-motion conference requirement and so ordered the parties' proposed briefing schedule. (June 24, 2024 Order.) On August 21, 2024, Plaintiffs filed their fully briefed motion for summary judgment. (ECF No. 35.)

## II.     LEGAL STANDARDS

### A. **Summary Judgment**

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." Choi v. Tower Research Capital LLC, 2 F.4th 10, 16 (2d Cir. 2021); see McKinney v. City of Middletown, 49 F.4th 730, 737 (2d Cir. 2022) ("No genuine dispute of material fact exists when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.") (internal quotation marks omitted). "The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." Jaffer v. Hirji, 887 F.3d 111, 114 (2d Cir. 2018) (internal quotation marks omitted). For any burden of proof that rests with the nonmoving party, the movant can "point[ ] to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." Id. (internal quotation marks and alterations omitted). Once the moving party carries its burden, "the nonmoving party must come forward with evidence that would be sufficient to support a jury verdict in its favor." McKinney, 49 F.4th at 738 (internal quotation marks omitted). In this analysis, the Court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." ING Bank N.V. v. M/V Temara, 892 F.3d 511, 518 (2d Cir. 2018). Ultimately, "[t]he role of the district court on summary judgment is 'not to resolve disputed issues of fact but to assess whether there are any factual issues

to be tried.'" McKinney, 49 F.4th at 738 (quoting Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011)).

### B. Declaratory Judgment

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[A] court may exercise its discretion to issue a declaratory judgment, but only in cases where the party seeking the declaratory judgment can demonstrate the existence of an actual case or controversy." Gov't Emps. Ins. Co. v. Infinity Health Prods., Ltd., No. 10-CV-5611, 2012 WL 1427796, at *4 (E.D.N.Y. Apr. 6, 2012), report and recommendation adopted, 2012 WL 1432213 (E.D.N.Y. Apr. 25, 2012) (citing Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 95, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993)). The relevant inquiry is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Olin Corp. v. Consol. Aluminum Corp., 5 F.3d 10, 17 (2d Cir. 1993) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)). "Declaratory relief is appropriate (i) where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (ii) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings." Scottsdale Ins. Co. v. Empire State Medi-Cab, Inc., No. CV 23-3494, 2025 WL 277467, at *2 (E.D.N.Y. Jan. 23, 2025) (citing Gov't Emps. Ins. Co. v. Jacques, 14-CV-5299, 2017 WL 9487191, at *9 (E.D.N.Y. Feb. 13, 2017) (internal quotation marks and citation omitted), report and recommendation adopted, 2017 WL 1214460 (E.D.N.Y. Mar. 31, 2017).

### III. DISCUSSION

The crux of Plaintiffs' argument is that Defendant was not operating the company vehicle with the Brightview's permission, and thus Plaintiffs are not liable to indemnify or defend in the underlying state action. (See Pl's Br. at 8-12.) Defendant argues that there are genuine issues of material fact on the question of whether the company policy covers Defendant, and thus Plaintiffs do not meet their burden of proof for summary judgment.[2] (See Def's Opp. at 2-8.) For the following reasons, the Court finds that Plaintiffs satisfy their burden to demonstrate that there is no genuine dispute that Defendant is not covered by the company policy. They are therefore entitled to a declaratory judgment that they have no duty to defend or indemnify Defendant regarding any claims or lawsuits filed as a result of the July 11, 2021 motor vehicle accident.

### A. Declaratory Judgment is Appropriate

As stated above, "Declaratory relief is appropriate (i) where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (ii) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings." Scottsdale Ins. Co., 2025 WL 277467, at *2. Here, declaratory relief is appropriate. The state court action presents the requisite case or controversy because Defendant could attempt to collect from Plaintiffs if she is found liable for damages arising from the car accident. See id. at *2 ("The state court action presents the requisite case or controversy because Empire State could attempt to collect from plaintiff if found liable."); accord Am. Eur. Ins. Co. v. Tirado Iron Works & Fence, Inc., No. 19-CV-6851, 2021 WL 7830143, at *5 (E.D.N.Y. Oct. 20, 2021) (finding that a plaintiff

---

[2] Defendant also argues that Plaintiffs' motion for summary judgment is facially defective because "Plaintiff-movants' have failed to include copies of the necessary pleadings herein." (Def's Opp. at 9.) The Court disagrees. As Plaintiffs correctly point out, "Rule 56, however, does not require a moving party to attach all of the pleadings to its motion. Neither does Local Rule 56.1 or 56.2. Instead, a moving party need only "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" in support of its motion." (Pl's Reply Br. at 8) (citing Fed. R. Civ. P. 56(c)(1)(A)). Plaintiff sufficiently cites to relevant materials in the record. The Court therefore finds that Plaintiffs' motion for summary judgment is not facially deficient.

7

seeking a declaration that it had no obligation to defend or indemnify any party in an action pending in New York state court was entitled to a declaratory judgment). Thus, because Plaintiffs could be liable for damages arising from the underlying state action, declaratory judgment is appropriate here.

### B. Plaintiffs Are Entitled to Summary Judgment

For the Court to grant summary judgment, Plaintiffs have the burden to demonstrate that there is no genuine dispute that they are not responsible to defend and indemnify Defendant in the underlying action. For the following reasons, the Court finds that Plaintiffs satisfy this burden.

#### 1. There is No Genuine Dispute That the Vehicle Authorization Policy Expressly Bars Defendant from Using Raymond Nobile's Company Vehicle

In the present dispute over the Policy, the Court is required to give "unambiguous terms" their "plain and ordinary meaning." Scottsdale Ins. Co. v. Freedom G.C. Inc., 564 F. Supp. 3d 253, 258 (E.D.N.Y. 2021) (citing Teichman v. Cmty. Hosp. of W. Suffolk, 87 N.Y.2d 514, 640 N.Y.S.2d 472, 663 N.E.2d 628, 630 (N.Y. 1996)). Here, Raymond Nobile signed the Vehicle Authorization Form, which states, inter alia, that "I will not allow any other individual to drive the vehicle." (ECF No. 32-9 at 2.) That statement is unambiguous, and clearly demonstrates that Plaintiff Brightview did not permit Mr. Nobile to allow any other individual, including Defendant, to drive the vehicle. (See also ECF No. 35-10 ("Ray Nobile Deposition") at 18 (Mr. Nobile giving the following answer to the following question regarding who was excluded from driving the vehicle: Q: Did you understand that to include your spouse? A: I would assume so, yes…)) Thus, the clear language of the vehicle authorization form, signed by Mr. Nobile, demonstrates that Brightview expressly excluded "any other individuals" from operating the vehicle.

Despite this explicit policy, Defendant argues that there are ambiguities in the agreement that create triable issues of fact as to whether Defendant was expressly permitted to use the vehicle. Defendant asserts that there "are clear questions of fact surrounding permissive use in this matter;

8

namely, what was intended by the Brightview acknowledgment form, whether the form and the alleged policy change was clear, whether employees were fully aware of the alleged policy changes, and whether same was ever truly enforced by Brightview." (Def's Opp. at 7.) Defendant advances this argument by contending that it "is unclear as to when any policy changes went into effect at Brightview" with respect to permitting spouses to use company vehicles, and that the vehicle authorization form's reference to "reasonable personal use," "reasonable 'about town' evening and weekend use," and "vacationing and for other non-business usage" creates ambiguity as to the meaning of the agreement. (Id. at 7, 4-5.)

The Court finds that none of these alleged ambiguities, however, rise to a genuine dispute of material fact. Even if Defendant and Mr. Nobile were unclear as to precisely when the policy change went into effect, Mr. Nobile's signing of the Vehicle Authorization Form on May 28, 2019 put him on notice of any change well before the accident. (ECF No. 32-9 at 2.) Moreover, there is no genuine dispute that the language of the Form, stating that "I will not allow any other individual to drive the vehicle" is unclear as to whether Brightview expressly permitted Mr. Nobile to allow his spouse to use the company vehicle. Finally, Defendant's contention that there is ambiguity because of references to "reasonable personal use" and "reasonable about town' evening and weekend use," fails. These references are not ambiguous as to *who* is permitted to drive the vehicle, given that the same policy forbids the signatory from allowing "any other individual to drive the vehicle." (Id.) Thus, there is no triable issue of fact as to the express meaning of the Vehicle Authorization Policy.

### 2. New York Vehicle and Traffic Law § 388 ("VTL § 388")

Although there is no genuine dispute over the express meaning of the Vehicle Authorization Policy, New York Vehicle and Traffic Law § 388(1) makes every owner of a vehicle liable for injuries resulting from negligence "in the use or operation of such vehicle . . . by any person using

9

or operating the same with the permission, express or implied, of such owner." VTL § 388(1) (emphasis added). VTL § 388(1) "imputes to the owner of a motor vehicle the negligence of one who uses or operates that vehicle with the permission, express or implied, of such owner." Padilla v. Felson, 28 AD3d 530, 530, 813 NYS2d 744 (2006) (internal quotation marks omitted); see also VTL § 388). "The strong presumption of permissive use afforded by Vehicle and Traffic Law § 388, can only be rebutted by substantial evidence sufficient to show that the driver of the vehicle was not operating the vehicle with the owner's consent." Matter of State Farm Fire & Cas. Co. v. Hayes, 78 AD3d 1063, 1063, 912 NYS2d 588 (2010) (internal quotation marks omitted).

Here, Plaintiffs contend that the unambiguous language of the Vehicle Authorization Policy is sufficient to rebut the "strong presumption" of implied permission under New York Vehicle and Traffic Law. (Pl's Br. at 9.) Defendant rejects this argument, instead asserting that Brightview gave "constructive, or implied, permission for [Defendant] to use the vehicle," and is therefore liable under VTL § 388. (Def's Opp. at 3) (citing Carlson v. American International Group, Inc., 30 N.Y.S d 288 (2017); Bernard v. Mumuni (1st Dep't 2005); Liberty Mut. Ins. Co. v General Acc. Ins. Co., 277 AD2d 981, 981-982 (2000)). For the following reasons, the Court agrees with Plaintiffs and finds that they rebut the presumption of permissive use under VTL § 388.

Plaintiffs argue that this case is controlled by the New York Court of Appeals decision in Murdza v. Zimmerman, 99 N.Y.2d 375, 786 N.E.2d 440, 756 N.Y.S.2d 505 (2003) "as the facts of this case are nearly identical to the facts of the case herein." (Pl's Br. at 9.) Indeed, in Murdza, the New York Court of Appeals found that the presumption of permissive use can be rebutted where "substantial evidence established that permission was conditioned upon driving in a certain locality only or conditioned upon instructions not to allow any riders, the owner was exonerated from liability when an accident occurred subsequent to a breach of the restriction." Murdza, 99 N.Y.2d 375 at 380. As is the case here, the defendant in Murdza was a third-party user of a

10

company vehicle – the boyfriend of an employee. Id. at 375. Additionally, the employer in Murdza, Brown & Williamson, had an employee handbook which stated that "Brown & Williamson authorizes only you [the employee] and your licensed spouse to use the Company vehicle for personal purposes . . . during off-duty hours, normal weekend driving, holidays and vacations providing the spouse has submitted a Form SA–5248, 'Indemnification.'" Id. at 378 n.1. Accordingly, the Murdza Court held that "B & W's employee handbook explicitly restricted those who may operate its vehicles and thereby rebutted the presumption of liability under Vehicle and Traffic Law § 388(1)." Id. at 382.

The Court agrees that this case is controlled by Murdza, and Plaintiffs have similarly rebutted the presumption against implied or permissive use. Defendant, however, argues that Murdza is inapposite. Defendant contends, inter alia, that unlike the case here, Zimmerman "was not the legal spouse of the employee in [Murdza]." (Def's Opp. at 4.) She also asserts that because "[t]he public policy implications of VTL § 388 are of utmost important in these scenarios; [and] especially so in the instant matter . . ." the Court should find that there is a triable issue of fact concerning whether Defendant was an "implied permissive user of the Brightview Landscapes vehicle." (Def's Opp. at 5-6.) The Court takes each of these arguments in turn.

First, the Court does not see any material significance in the fact that Defendant was the legal spouse of Mr. Nobile. The New York Court of Appeals' rationale in finding that Defendant Zimmerman was not a permissive user of Brown & Williamson's vehicle had nothing to do with the nature of the relationship between Zimmerman and his girlfriend. Rather, the holding was focused on the fact that "B & W's employee handbook explicitly restricted those who may operate its vehicles," and that Zimmerman fell within that restriction. Murdza, 99 N.Y.2d 375 at 382. Defendant argues that if "Mr. Zimmerman had been the spouse of the employee, the case analysis by the Court, arguably, would have been different, and subsequently followed Defendant Nobile's

11

position in the subject matter." (Def's Opp. at 4.) Essentially, Defendant contends that because Brightview allows employees to use "company vehicles during off-duty hours, weekends, vacations, holidays, and other personal time," it knew or should have known that the vehicle would be used by spouses. (Id. at 5.) This argument, however, again misses the crucial point that Mr. Nobile signed the Vehicle Authorization Form, which prohibits "any other individual" from using the vehicle. (ECF No. 32-9 at 2.) Moreover, the Court sees no reason as to why it would be reasonable that Brightview knows or should know that a *spouse* would use a vehicle during "personal time", when the Murdza Court explicitly held that Brown & Williamson could not be held liable for a *boyfriend* doing the same. The Court thus disagrees with Defendant and finds that there is no material difference that Defendant is the employee's spouse.

Second, there are no public policy considerations sufficient to dissuade the Court from following Murdza. Defendant asserts that because "Brightview Landscapes has a fleet of 11,000 vehicles; 2,500 of which are designated for management positions . . . akin to car rental fleet insured pursuant to a commercial auto policy," the Court, for public policy reasons, should decline to follow Murdza and instead follow Motor Veh. Acc. Indem. Corp. v. Continental Natl. Am. Group Co., 35 N.Y.2d 260 (1974) (hereinafter "MVAIC"). In Murdza, the New York Court of Appeals remarked on its finding of constructive consent in MVAIC that:

> Our finding of constructive consent—despite the owner's restrictions—rested, in part, on the public policy concerns surrounding the large number of vehicles placed on the road by businesses that rent cars to others for profit, and the inevitability that these vehicles will "become involved in their fair share of accidents" (id. at 263). Unlike restrictions placed on the use of an individual's vehicle by a friend, we reasoned that restrictions by car rental agencies implicate more serious concerns as they affect the use of a large number of vehicles on our roads over potentially long time periods. Noting that any departure from such lease restrictions could leave an injured victim without the "recourse to a financially responsible defendant" contemplated by section 388, we found that "[t]he restrictions sought to be imposed by [theinsurer] violate the public policy of this State" {id. at 264). Thus, the agency "knew or should have known that the probabilities of the car coming into the hands of another person were exceedingly great and in these circumstances they are to be charged with constructive consent, which satisfies the requirements of section 388

12

of the Vehicle and Traffic Law" (id. [emphasis added]). Constructive consent is an attempt to balance the policy goals of the statute and the realities of an automobile-based society.

Murdza, 99 N.Y.2d 375, 380-81 (discussing Motor Veh. Acc. Indem. Corp. v. Continental Natl. Am. Group Co., 35 N.Y.2d 260 (1974)). Due to Brightview's large number of vehicles, Defendant suggests that this Court follow MVAIC and find that public policy concerns dictate that Defendant had permissive or constructive use of the vehicle. (Def's Opp. at 6.)

The Court disagrees and finds that the instant case is controlled by Murdza. Although Brightview has 11,000 vehicles throughout the United States, the sheer number of vehicles is not sufficient alone to create public policy concerns. Rather, it is the nature of the relationship between a business that rents vehicles for profit and a customer that creates important public policy considerations. As the Murdza Court further explained:

> While it is foreseeable that a rented vehicle would come into the hands of any number of operators by the very nature of the quasi-ownership relationship created by a lease, the bailment of a vehicle to an employee spawns a markedly different relationship with its own set of expectations. Indeed, an at-will employment relationship and the frequent contact between an employee and employer demand compliance with restrictions on vehicle operation placed on the employee. As a result of this relationship, it is reasonable for an employer to expect employees to comply with its use restrictions. Thus, allowing an employer explicitly to restrict those who may operate its vehicles, while simultaneously restricting its liability as an owner under Vehicle and Traffic Law § 388, encourages careful selection of operators—the curative policy underpinning of the section.

Murdza, 99 N.Y.2d 375 at 381-82 (emphasis added); see also Roger M. v. Am. United Transportation, Inc., 78 Misc. 3d 1201(A), 183 N.Y.S.3d 297 (N.Y. Sup. Ct. 2023) ("The Court of Appeals' decision in *MVAIC* rested, in part, on the public policy concerns surrounding the large number of vehicles placed on the road by businesses that rent cars to others for profit, and the inevitability that these vehicles will become involved in their fair share of accidents.") (emphasis added). Here, however, Brightview's vehicles are not rented for profit, and it is not inevitable that third parties will use the vehicles. Rather, "it is reasonable for an employer to expect employees

13

to comply with its use restrictions." Murdza, 99 N.Y.2d 375 at 382. Furthermore, this case contains an identical employee-employer relationship with respect to the company vehicle, with nearly identical restrictions as Murdza. Thus, the Court follows Murdza and holds that the unambiguous terms of the Vehicle Authorization Policy here rebut the presumption that Defendant had implied or constructive permission to operate the vehicle. And, because Defendant had neither express nor implied or constructive permission to operate the vehicle, Plaintiffs are not obligated to defend or indemnify Defendant for claims arising from the underlying action.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs are entitled to summary judgment and declaratory relief. This Court declares that Plaintiffs have no duty to defend or indemnify Defendant with respect to any claims or lawsuits filed as a result of the July 11, 2021 motor vehicle accident, including but not limited to the claims asserted in the underlying action (see Lance A Russell, Jr. v. Bernadette C. Nobile et al., Index No. 613789/2021 (N.Y. Sup. Ct.)) The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**
Dated:   March 17, 2025
             Central Islip, New York

                                              /s/ (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE